National Bank of Lancaster v. Johnson.

CASE 30—PETITION ORDINARY—JANUARY 27.

# National Bank of Lancaster v. Johnson.

### APPEAL FROM GARRARD CIRCUIT COURT.

1. THE STATE COURTS HAVE JURISDICTION OF AN ACTION AGAINT A NATIONAL BANK, under section 5198 of the Revised Statutes of the United States, to recover back twice the amount of interest paid to the bank, where the rate received or reserved by such bank exceeds the legal rate, which is six per cent.
2. THE CRITERION OF RECOVERY in such a case is twice the amount of the interest, and not merely twice the amount of the usury.

WM. HERNDON FOR APPELLANT.

1. A State court has no jurisdiction as to penalties under a federal statute. (Prigg v. Penn, 16 Peters, 539; Houston v. Moore, 5 Wheat., 1; Martin v. Hunter, 1 Wheat., 324; Clafflin v. Houseman, 93 U. S., 150; 1 Kent, star page 401-2, and citations; U. S. Rev. Stats., sec. 5198; 1 Kent, star pp. 400 and 403; Teal v. Felton, 1 Comst., 537; Teal v. Felton, 12 How., 285; 4 Black., 156; Act of Virginia of 1730, 2 Stat. Laws of Ky., 852; sec. 6, art. 8, first Const. of Ky.; Haney v. Sharp, 1 Dana, 442; Newell v. National Bank of Somerset, 12 Bush, 58; Barnett v. National Bank, 98 U. S., 559; Steadman v. Redfield, 8 Baxter, 337; Hambright v. National Bank, 3 Lea, 40; Barnett v. Shelbyville Bank, 85 Tenn., 326; Hintermister v. First National Bank of Chittenaugo, Thompson's National Bank Cases, 401; Brown v. Second National Bank of Erie, 72 Pa., 209.)
2. As our State courts can enforce the federal statute only upon the theory that it is a State law, and that it became such by the force of its own terms, we can refer it for its validity or the reverse to our State Constitution. Applying this test, we find that it does not impose equal burdens upon all, and, therefore, a State court can not enforce it. (Cooley's Const. Lim., 393.)
3. Under the statute in question, the borrower can recover only twice the usury, and not twice the interest paid. (Hintermister v. First National Bank of Chittenaugo, Thompson's National Bank Cases, 401; Brown v. Second National Bank of Erie, 72 Pa., 209.)

W. O. BRADLEY FOR APPELLEE.

1. In a case like that at bar the State court has jurisdiction. (Thompson & Brown's National Bank Cases, vol. 1, pp. 741, 745, 835, 849; Idem, vol. 2, pp. 209, 367, 385, 396, 421; Idem, vol. 3, pp. 557, 737, 746;

Blatz v. Columbia, 30 Am. Rep., 346  Lynch v. Merchants' National Bank, 46 Am. Rep., 522; Haney v. Sharpe, 1 Dana, 442; notes in 28 Am. Rep., 463; 1 Otto, 29; 3 Otto, 130; 12 How., 284; Tucker & Gould's Notes on Rev. Stats. U. S., 941.)

2. The criterion of recovery is twice the amount of the interest paid, and not merely twice the amount of usury. (Thompson & Brown's National Bank Cases, vol. 1, pp. 317, 118, 350, 835, 849; vol. 2, pp. 19, 209, 395; vol. 3, pp. 737, 750; 28 Am. Rep., 455; 30 Am. Rep., 848; Tucker & Gould's Notes on Rev. Stats. U. S., p. 940; Hill v. National Bank of Barre, 15 Fed. Rep., 432.)

**JUDGE LEWIS** DELIVERED THE OPINION OF THE COURT.

Appellee brought this action February, 1889, to recover of appellant judgment for twice the amount of interest alleged to have been paid, at the rate of eight per cent. per annum, within two years previous to that date on two notes which he had executed to it; and judgment having been rendered for the amount prayed for, and interest thereon from date of the judgment, less amount of a note and interest pleaded as a set-off, this appeal is prosecuted.

The statements of the petition were not controverted, and the two questions presented and argued are, as to jurisdiction of the court and amount of recovery, the latter involving construction of sections 5197 and 5198 of the Revised Statutes of the United States. Both of these questions have been considered and determined at the present term of this court in the case of Henderson National Bank v. Alves, &c., *ante*, p. 142, and need not be further discussed.

It was in that case held that a circuit court of this State "has jurisdiction of the action authorized by section 5198 to be brought to recover back twice the amount of interest paid, where the rate charged, reserved or received by a national bank exceeds what is

authorized by section 5197 to be so charged, reserved or received, which is six per cent." It was also held that the criterion of recovery in such case, according to the plain language of the statute, is "twice the amount of interest" paid, and not merely twice the amount of the usury.

It being alleged in the petition, and not denied, the interest sought to be recovered back was all paid within two years next before commencement of the action, it is not necessary to decide, as was done in the case mentioned, at what time the limitation of two years began to run in this case.

There being, in our opinion, no error of the lower court in this case, the judgment is affirmed.